549 S.E.2d 627

**Eric Orlando STATON**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1903–00–1.**

Court of Appeals of Virginia,
Alexandria.

July 31, 2001.

(Michael Jerome Massie, Portsmouth; Holley & Massie, P.C., on brief), for appellant. Appellant submitting on brief.

Shelly R. James, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., and ANNUNZIATA and AGEE, JJ.

ANNUNZIATA, Judge.

The appellant, Eric Orlando Staton, appeals his conviction for possession of heroin with the intent to distribute, in violation of Code § 18.2–248. Staton contends the evidence was insufficient to prove he possessed the heroin. For the following reasons, we affirm.

## BACKGROUND

■ We view the evidence, and all inferences fairly deducible therefrom, in the light most favorable to the Commonwealth, the party prevailing below. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Detectives with the Portsmouth Police Department executed a search warrant at 2–C Aztec Drive on February 7, 2000. No one was in the one-bedroom apartment when the police searched the apartment.

The police recovered numerous items from the residence: three small baggies of heroin were found in the pocket of a jacket hanging in the front living room closet; more heroin was discovered in the refrigerator in a plastic bag stuffed inside a Quick Grits bag; and the detectives found heroin in an open blue gift bag that was sitting on the kitchen floor.

The certificate of analysis indicated that all of these items were pure heroin, totaling about twenty-two grams. If left in its pure form, the street value of the heroin totaled $4,400. If "cut" with a substance to dilute its strength, however, the heroin was worth significantly more.

The detectives also found $3,300 in a canister in the kitchen and $1,608 in a cookie tin under the dresser in the bedroom. Glassine bags with a web design printed on them were found under the sink, together with two grinders. Additional glassine bags were discovered on top of the refrigerator, with empty pills and pill bottles, and a metal scale. The police also

recovered a digital scale from the top drawer of the dresser in the bedroom.

Personal papers bearing Staton's name were found on top of the dresser next to a photograph of him with his girlfriend. One of the papers was a Virginia Power bill, postmarked October 28, 1999, and addressed to "Eric O Staton, Apt. C, 2 Aztec Drive, # C, Portsmouth VA." Two of the papers were W2 forms, mailed to "Eric Staton, 701 7th Street, Portsmouth VA" on January 24, 2000. No other personal papers were found in the residence, and all papers found bore Staton's name.

Beverly Vaughn, the assistant manager of the apartment complex, testified that Staton was a resident of the apartment at 2–C Aztec Drive, on February 7, 2000. Staton was the only resident listed on the one-year lease, which ran from July 1, 1999 to June 30, 2000.

Staton testified that he lived at the apartment intermittently and had been staying with his sister, Tarnisha Waller. Staton claimed he knew nothing about the drugs and money found in his apartment, but believed his half-brother, Tywon, had left them there. Waller testified that Staton had been staying with her "the majority of the time," since her husband passed away in September, 1999. She also testified that two of her brothers, Tyrone and Tywon, "sometimes" stayed at Staton's apartment. Staton's brother, Tyrone, testified that he had a key to Staton's apartment and stayed there "every other night." He also testified that his other brother, Tywon, stayed there about four times a week. Tyrone denied knowing anything about the drugs or money found in the apartment. Tywon did not testify.

## ANALYSIS

■ When the sufficiency of the evidence is challenged on appeal, we will affirm the trial court's judgment unless it is plainly wrong or without evidence to support it. *Griffin v. Commonwealth*, 33 Va.App. 413, 417–18, 533 S.E.2d 653, 655 (2000).

■ In order to prove possession of a controlled substance, the Commonwealth must prove the defendant was: (1) aware of the presence and character of the particular substance; and (2) was intentionally and consciously in possession of it. *Clodfelter v. Commonwealth,* 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977). The Commonwealth is not required to prove the defendant actually possessed the controlled substance, but may rely on proof of constructive possession. *Drew v. Commonwealth,* 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

■ To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements or conduct of the accused or other facts and circumstances which tend to show the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control. *Clodfelter,* 218 Va. at 622, 238 S.E.2d at 822; *Garland v. Commonwealth,* 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). Where the Commonwealth's case rests entirely upon circumstantial evidence, as in this case, the evidence not only must be consistent with guilt, but it also must exclude every reasonable hypothesis of innocence. *Clodfelter,* 218 Va. at 623, 238 S.E.2d at 822.

■ The Commonwealth established that Staton resided at the one-bedroom apartment. Staton's name, alone, appeared on the lease, and the police found a photograph of Staton with his girlfriend on top of the dresser in the bedroom, along with recently dated, opened mail addressed to Staton. Additionally, the police found no physical evidence that anyone else resided at the apartment.[1] Although Staton's sister, Tarnisha Waller, and his brother, Tyrone, testified that Staton had been staying with Waller and that Tyrone and another brother, Tywon, had been living in the apartment, the trial court was

---

1. Staton introduced into evidence three unopened envelopes addressed to two different people at 2–C Aztec Drive. One envelope addressed to "Nathaniel B. Jackson," bore a postmark dated February 1, 2000, while the other two envelopes, addressed to "Leroy Griffin," bore no postmarks. No other evidence was introduced regarding these two individuals and whether they were living at the apartment on February 7, 2000.

not required to, and apparently did not, believe this testimony. *Carter v. Commonwealth*, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (the trial court determines the credibility of the witnesses and the weight of their testimony). In addition, on appeal, we must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all [of] the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from that credible evidence. *Watkins v. Commonwealth*, 26 Va.App. 335, 348, 494 S.E.2d 859, 866 (1998).

Although the Commonwealth proved that Staton resided at the apartment, evidence of ownership or occupancy of the premises, alone, is insufficient to prove constructive possession. *Nicholas v. Commonwealth*, 186 Va. 315, 322, 42 S.E.2d 306, 310 (1947); *see also Lane v. Commonwealth*, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982) (citing Code § 18.2–250.1). However, evidence of ownership or occupancy is probative on the question and constitutes a circumstance that may be considered along with other evidence. *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

In this case, the other evidence that linked Staton to the heroin was the location of the heroin and his own testimony. The heroin contained in the open gift bag was located in plain view, thus supporting a conclusion that Staton was aware of the presence of the heroin in the apartment that he occupied. *Gillis v. Commonwealth*, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974) (court's finding that defendant was aware of the presence and character of the illegal substance was supported by the fact that a "hash pipe" was found sitting on a coffee table in the living room of the apartment that defendant jointly occupied with another individual).

Staton testified that he had been living with his sister and that his two brothers had been staying at his apartment in his absence. He also testified that he believed the drugs and money belonged to his brother, Tywon. The trial court was not bound to credit this testimony. *Carter*, 223 Va. at 532–33, 290 S.E.2d at 867. In addition, "[i]n its role of

judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Marable v. Commonwealth,* 27 Va.App. 505, 509–10, 500 S.E.2d 233, 235 (1998); *see also Rollston v. Commonwealth,* 11 Va.App. 535, 547, 399 S.E.2d 823, 830 (1991) (finding that a defendant's claims of innocence, when viewed in the light most favorable to the Commonwealth, "must be interpreted . . . as mere fabrications to conceal guilt"). Further, a fact finder who disbelieves a defendant is entitled to consider his testimony as perjured and, thus, as additional affirmative evidence of his guilt. *Wright v. West,* 505 U.S. 277, 296, 112 S.Ct. 2482, 2492, 120 L.Ed.2d 225 (1992); *Carter,* 223 Va. at 532, 290 S.E.2d at 867; *Marable,* 27 Va.App. at 510–11, 500 S.E.2d at 236; *Rollston,* 11 Va.App. at 548, 399 S.E.2d at 831.

Therefore, the evidence regarding Staton's occupancy of the premises, the fact that the drugs were found in plain view, and Staton's own testimony, which the trial court clearly disbelieved, constitute sufficient evidence that Staton was aware of both the presence and character of the heroin and that it was subject to his dominion and control.

Because we find the evidence was sufficient to prove that Staton possessed the heroin, we affirm the conviction.

*Affirmed.*

FITZPATRICK, Chief Judge, dissenting.

I respectfully dissent from the majority opinion, which holds that sufficient evidence proved that appellant possessed heroin.

It is well established that "ownership or occupancy of the premises where the drug is found does not create a presumption of possession." *Walton v. Commonwealth,* 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998) (citing Code § 18.2–250.1(A); *Garland v. Commonwealth,* 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). We have previously held that recently dated, opened mail addressed to a defendant and found in his vehicle is insufficient, even combined with ownership thereof, to es-

tablish that he was present when the drugs were present. *See Burchette v. Commonwealth,* 15 Va.App. 432, 437–38, 425 S.E.2d 81, 85 (1992) (evidence that Burchette owned a vehicle which he walked past and that his wallet containing his operator's license and a telephone bill addressed to Burchette were found in the vehicle was insufficient to convict him of possession of drugs found in plain sight in the vehicle). At best, evidence of recently dated bills proves only that appellant probably placed the bill in the apartment. *See id.*

The majority finds that because the heroin contained in the gift bag on the kitchen floor was in plain view, appellant must have been aware of it. However, the Commonwealth failed to show "when appellant may have used or occupied the [apartment] or when or for how long the drugs" had been in the apartment. *Burchette,* 15 Va.App. at 435–36, 425 S.E.2d at 84. The Commonwealth's evidence "simply does not exclude the very real possibility that other members of [appellant's] family or someone other than [appellant] used or had access to the [apartment] and had left the drugs there unbeknownst to him." *Id.* at 438, 425 S.E.2d at 85.

At most, the evidence establishes that appellant rented the apartment where the heroin was found and was present in the apartment at some time in the past. The evidence does not establish that appellant was present in the apartment at the same time as the drugs were in plain view in the apartment. Thus, the evidence in this case, at best, creates a mere suspicion or possibility that appellant possessed the heroin. The circumstances were not such that one could reasonably infer, to the exclusion of every reasonable hypothesis of innocence, that appellant knew of the presence, nature and character of the heroin that was found in the apartment he rented and that it was subject to his domain and control. *See Garland,* 225 Va. at 184, 300 S.E.2d at 784. Therefore, I would reverse and dismiss appellant's conviction.