Tuesday        18th

December, 2001.


Eric Orlando Staton,                                    Appellant,

 against       Record No. 1903-00-1
               Circuit Court No. CR00-684-01

Commonwealth of Virginia,                              Appellee.


Upon a Rehearing En Banc


 Before Chief Judge Fitzpatrick, Judges Benton, Willis, Elder, Bray,
       Annunziata, Bumgardner, Humphreys, Clements and Agee


                 (Michael Jerome Massie; Holley & Massie,
                 P.C., on brief), for appellant.  Appellant
                 submitting on brief.

                 Leah A. Darron, Assistant Attorney General
                 (Randolph A. Beales, Attorney General, on
                 brief), for appellee.


        By published opinion dated July 31, 2001, a divided panel

of this Court affirmed the appellant's conviction.  See Staton v.

Commonwealth, 36 Va. App. 276, 549 S.E.2d 627 (2001).  We stayed the

mandate of that decision and granted rehearing en banc.

        Upon a rehearing en banc, the stay of the July 31, 2001

mandate is lifted, and the judgment of the trial court is affirmed in

accordance with the majority panel opinion.

        Chief Judge Fitzpatrick, Judges Benton and Elder dissent

for the reasons set forth in the panel dissent.

It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.  This amount shall be added to the costs due the Commonwealth in the July 31, 2001 mandate.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Tuesday 11th

September, 2001.


Eric Orlando Staton, Appellant,

  against      Record No. 1903-00-1
                Circuit Court No. CR00-684-01

Commonwealth of Virginia, Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
Bray, Annunziata, Bumgardner, Humphreys, Clements and Agee


On August 13, 2001 came Eric Orlando Staton, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on July 31, 2001, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on July 31, 2001 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellant shall attach as an addendum to the opening brief upon rehearing en banc a copy of the opinion previously rendered by the Court in this matter. It is further ordered that

the appellant shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


ERIC ORLANDO STATON

OPINION BY
v.    Record No. 1903-00-1        JUDGE ROSEMARIE ANNUNZIATA
JULY 31, 2001
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

(Michael Jerome Massie; Holley & Massie,
P.C., on brief), for appellant. Appellant
submitting on brief.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


The appellant, Eric Orlando Staton, appeals his conviction for possession of heroin with the intent to distribute, in violation of Code § 18.2-248. Staton contends the evidence was insufficient to prove he possessed the heroin. For the following reasons, we affirm.

## BACKGROUND

We view the evidence, and all inferences fairly deducible therefrom, in the light most favorable to the Commonwealth, the party prevailing below. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Detectives with the Portsmouth Police Department executed a search warrant at 2-C Aztec Drive on February 7, 2000. No one was in the one-bedroom apartment when the police searched the apartment.

-5-

The police recovered numerous items from the residence: three small baggies of heroin were found in the pocket of a jacket hanging in the front living room closet; more heroin was discovered in the refrigerator in a plastic bag stuffed inside a Quick Grits bag; and the detectives found heroin in an open blue gift bag that was sitting on the kitchen floor.

The certificate of analysis indicated that all of these items were pure heroin, totaling about twenty-two grams. If left in its pure form, the street value of the heroin totaled $4,400. If "cut" with a substance to dilute its strength, however, the heroin was worth significantly more.

The detectives also found $3,300 in a canister in the kitchen and $1,608 in a cookie tin under the dresser in the bedroom. Glassine bags with a web design printed on them were found under the sink, together with two grinders. Additional glassine bags were discovered on top of the refrigerator, with empty pills and pill bottles, and a metal scale. The police also recovered a digital scale from the top drawer of the dresser in the bedroom.

Personal papers bearing Staton's name were found on top of the dresser next to a photograph of him with his girlfriend. One of the papers was a Virginia Power bill, postmarked October 28, 1999, and addressed to "Eric O Staton, Apt. C, 2 Aztec Drive, #C, Portsmouth VA." Two of the papers were W2 forms, mailed to "Eric Staton, 701 7th Street, Portsmouth VA" on January 24, 2000. No other personal

papers were found in the residence, and all papers found bore Staton's name.

Beverly Vaughn, the assistant manager of the apartment complex, testified that Staton was a resident of the apartment at 2-C Aztec Drive, on February 7, 2000.  Staton was the only resident listed on the one-year lease, which ran from July 1, 1999 to June 30, 2000.

Staton testified that he lived at the apartment intermittently and had been staying with his sister, Tarnisha Waller.  Staton claimed he knew nothing about the drugs and money found in his apartment, but believed his half-brother, Tywon, had left them there. Waller testified that Staton had been staying with her "the majority of the time," since her husband passed away in September, 1999.  She also testified that two of her brothers, Tyrone and Tywon, "sometimes" stayed at Staton's apartment.  Staton's brother, Tyrone, testified that he had a key to Staton's apartment and stayed there "every other night."  He also testified that his other brother, Tywon, stayed there about four times a week.  Tyrone denied knowing anything about the drugs or money found in the apartment.  Tywon did not testify.

## ANALYSIS

When the sufficiency of the evidence is challenged on appeal, we will affirm the trial court's judgment unless it is plainly wrong or without evidence to support it.  Griffin v. Commonwealth, 33 Va. App. 413, 417-18, 533 S.E.2d 653, 655 (2000).

In order to prove possession of a controlled substance, the Commonwealth must prove the defendant was:  (1) aware of the presence and character of the particular substance; and (2) was intentionally and consciously in possession of it.  Clodfelter v. Commonwealth, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977).  The Commonwealth is not required to prove the defendant actually possessed the controlled substance, but may rely on proof of constructive possession.  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements or conduct of the accused or other facts and circumstances which tend to show the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.  Clodfelter, 218 Va. at 622, 238 S.E.2d at 822; Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983).  Where the Commonwealth's case rests entirely upon circumstantial evidence, as in this case, the evidence not only must be consistent with guilt, but it also must exclude every reasonable hypothesis of innocence.  Clodfelter, 218 Va. at 623, 238 S.E.2d at 822.

The Commonwealth established that Staton resided at the one-bedroom apartment. Staton's name, alone, appeared on the lease, and the police found a photograph of Staton with his girlfriend on top of the dresser in the bedroom, along with recently dated, opened mail addressed to Staton. Additionally, the police found no physical evidence that anyone else resided at the apartment.[1] Although Staton's sister, Tarnisha Waller, and his brother, Tyrone, testified that Staton had been staying with Waller and that Tyrone and another brother, Tywon, had been living in the apartment, the trial court was not required to, and apparently did not, believe this testimony. Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (the trial court determines the credibility of the witnesses and the weight of their testimony). In addition, on appeal, we must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all [of] the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from that credible evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

Although the Commonwealth proved that Staton resided at the apartment, evidence of ownership or occupancy of the premises, alone, is insufficient to prove constructive possession. Nicholas v. Commonwealth, 186 Va. 315, 322, 42 S.E.2d 306, 310 (1947); see also

---

[1] Staton introduced into evidence three unopened envelopes addressed to two different people at 2-C Aztec Drive. One envelope addressed to "Nathaniel B. Jackson," bore a postmark dated February 1, 2000, while the other two envelopes, addressed to "Leroy Griffin," bore no postmarks. No other evidence was introduced regarding these two individuals and whether they were living at the apartment on February 7, 2000.

Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982) (citing Code § 18.2-250.1). However, evidence of ownership or occupancy is probative on the question and constitutes a circumstance that may be considered along with other evidence. Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

In this case, the other evidence that linked Staton to the heroin was the location of the heroin and his own testimony. The heroin contained in the open gift bag was located in plain view, thus supporting a conclusion that Staton was aware of the presence of the heroin in the apartment that he occupied. Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974) (court's finding that defendant was aware of the presence and character of the illegal substance was supported by the fact that a "hash pipe" was found sitting on a coffee table in the living room of the apartment that defendant jointly occupied with another individual).

Staton testified that he had been living with his sister and that his two brothers had been staying at his apartment in his absence. He also testified that he believed the drugs and money belonged to his brother, Tywon. The trial court was not bound to credit this testimony. Carter, 223 Va. at 532-33, 290 S.E.2d at 867. In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d

233, 235 (1998); see also Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991) (finding that a defendant's claims of innocence, when viewed in the light most favorable to the Commonwealth, "must be interpreted . . . as mere fabrications to conceal guilt"). Further, a fact finder who disbelieves a defendant is entitled to consider his testimony as perjured and, thus, as additional affirmative evidence of his guilt. Wright v. West, 505 U.S. 277, 296 (1992); Carter, 223 Va. at 532, 290 S.E.2d at 867; Marable, 27 Va. App. at 510-11, 500 S.E.2d at 236; Rollston, 11 Va. App. at 548, 399 S.E.2d at 831.

Therefore, the evidence regarding Staton's occupancy of the premises, the fact that the drugs were found in plain view, and Staton's own testimony, which the trial court clearly disbelieved, constitute sufficient evidence that Staton was aware of both the presence and character of the heroin and that it was subject to his dominion and control.

Because we find the evidence was sufficient to prove that Staton possessed the heroin, we affirm the conviction.

Affirmed.

Fitzpatrick, C.J., dissenting.

I respectfully dissent from the majority opinion, which holds that sufficient evidence proved that appellant possessed heroin.

It is well established that "ownership or occupancy of the premises where the drug is found does not create a presumption of possession." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998) (citing Code § 18.2-250.1(A); Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). We have previously held that recently dated, opened mail addressed to a defendant and found in his vehicle is insufficient, even combined with ownership thereof, to establish that he was present when the drugs were present. See Burchette v. Commonwealth, 15 Va. App. 432, 437-38, 425 S.E.2d 81, 85 (1992) (evidence that Burchette owned a vehicle which he walked past and that his wallet containing his operator's license and a telephone bill addressed to Burchette were found in the vehicle was insufficient to convict him of possession of drugs found in plain sight in the vehicle). At best, evidence of recently dated bills proves only that appellant probably placed the bill in the apartment. See id.

The majority finds that because the heroin contained in the gift bag on the kitchen floor was in plain view, appellant must have been aware of it. However, the Commonwealth failed to show "when appellant may have used or occupied the [apartment] or when or for how long the drugs" had been in the apartment. Burchette, 15 Va. App. at 435-36, 425 S.E.2d at 84. The Commonwealth's evidence

-12-

"simply does not exclude the very real possibility that other members of [appellant's] family or someone other than [appellant] used or had access to the [apartment] and had left the drugs there unbeknownst to him." Id. at 438, 425 S.E.2d at 85.

At most, the evidence establishes that appellant rented the apartment where the heroin was found and was present in the apartment at some time in the past. The evidence does not establish that appellant was present in the apartment at the same time as the drugs were in plain view in the apartment. Thus, the evidence in this case, at best, creates a mere suspicion or possibility that appellant possessed the heroin. The circumstances were not such that one could reasonably infer, to the exclusion of every reasonable hypothesis of innocence, that appellant knew of the presence, nature and character of the heroin that was found in the apartment he rented and that it was subject to his domain and control. See Garland, 225 Va. at 184, 300 S.E.2d at 784. Therefore, I would reverse and dismiss appellant's conviction.