COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia


SHERRIE NORMA FOSTER

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2275-11-2                       JUDGE ROBERT J. HUMPHREYS
                                                    OCTOBER 2, 2012
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                           Herbert C. Gill, Jr., Judge

          John A. Kirkland (Law Offices of David L. Cloninger, on brief), for
          appellant.

          Susan M. Harris, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Sherrie Norma Foster ("Foster") was convicted at a bench trial of two counts of

conspiracy to distribute drugs in violation of Code §§ 18.2-256 and 18.2-248.  On appeal, Foster

argues that there was no evidence that she agreed with Allen to distribute drugs.  For the

following reasons, we affirm Foster's convictions.

                                     I.  BACKGROUND

       This Court reviews the evidence in the light most favorable to the prevailing party in the

trial court.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This

Court must "discard the evidence of the accused in conflict with that of the Commonwealth, and

regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to

be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

In this light, the evidence established the following.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 28, 2010, Detective Roger Santini ("Santini") engineered a controlled buy-bust operation, the target of which was Robert Allen ("Allen"), the boyfriend of Foster and the father of her child. A police informant contacted Allen, and the two arranged to meet at Papa John's in Colonial Heights. Allen had trouble finding the location and made several calls to the informant for directions. Allen arrived in the passenger seat of a black Nissan driven by Foster; Allen's and Foster's three-year-old son was in the backseat. Foster parked the Nissan a few spaces down from the informant's truck. Allen exited the Nissan, walked to the informant's truck, opened the passenger door, and leaned into the truck for about five seconds. Allen gave the informant crack for cash. Allen then returned to the passenger seat of the Nissan. Foster backed out of the parking space and drove out onto the Boulevard. Foster did not get out of the Nissan at any point.

Santini set up another controlled buy on October 20, 2010, using the same informant and targeting Allen. The informant contacted Allen via telephone, and they planned to meet at the same Papa John's parking lot. This time Foster drove a black Mercedes, with Allen in the passenger seat and their son in the backseat. Foster backed into a parking space next to the informant's truck. Allen got out of the Mercedes, walked around to the passenger side of the informant's truck, and gave the informant crack for money. The encounter lasted thirty to forty-five seconds. Allen then got back into the Mercedes, and Foster drove off. Neither Allen nor Foster conducted any other business in that parking lot.

The informant testified that he had known Foster for about four or five years and had bought drugs in front of her before, and Foster testified that she had seen the informant give Allen money before. Foster testified that she believed that on both September 28th and October 20th she and Allen were going to meet the informant to pick up Allen's paycheck. However, three years had passed since Allen worked for the informant, and the informant always paid

Allen cash at the end of the day. The informant did not owe Allen any money for labor, and he had not run his business in a year and a half.

The trial court found Foster guilty as charged, and this appeal follows.

## II. ANALYSIS

Foster contends that "the Commonwealth's evidence was not sufficient beyond a reasonable doubt to support a conviction of conspiracy to distribute a Schedule I or II drug because there was no evidence that [Foster] had an agreement with another person to distribute a Schedule I or II drug."

When the sufficiency of the evidence is challenged on appeal, this Court must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). The Court should review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Brooks v. Commonwealth, 282 Va. 90, 95, 712 S.E.2d 464, 466 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 923 (2008)). If there is evidence to support the conviction, this Court may not substitute its judgment, even if its conclusions of fact differ from the conclusions reached by the fact-finder at trial. Id.

Code § 18.2-248(A) provides that it is "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled

substance or an imitation controlled substance." Code § 18.2-256 prescribes punishment for a conspiracy to distribute drugs.

"'Conspiracy is defined as an agreement between two or more persons by some concerted action to commit an offense.'" Williams v. Commonwealth, 53 Va. App. 50, 59, 669 S.E.2d 354, 358 (2008) (quoting Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993)). "The crime is 'complete when the parties agree to commit an offense.'" Id. (quoting Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000)). "'In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'" Id. at 60, 669 S.E.2d at 358 (quoting Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988)).[1] The Commonwealth "must prove beyond a reasonable doubt that an agreement existed." Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978). However, "a conspiracy may be proved by circumstantial evidence." Id. "Indeed, from the very nature of the offense, it often may be established only by indirect and circumstantial evidence." Id.

This Court has interpreted Reed v. Commonwealth, 213 Va. 593, 194 S.E.2d 746 (1973), to stand for the proposition that "facilitation of a transaction by an individual does not, standing alone, constitute conspiracy."[2] Jones v. Commonwealth, 11 Va. App. 75, 83, 396 S.E.2d 844,

---

[1] "'A defendant may wittingly aid a criminal act and be liable as an aider and abettor, but not be liable for conspiracy, which requires knowledge of and voluntary participation in an agreement to do an illegal act.'" Zuniga, 7 Va. App. at 527, 375 S.E.2d at 384 (quoting United States v. Bright, 630 F.2d 804, 813 (5th Cir. 1980)).

[2] In Reed, the appellant drove an informant to a source to purchase drugs and pointed out the source for the informant to approach. Where the appellant did not have a conversation with the source and there was no showing that the appellant benefitted from the transaction, the evidence was insufficient as a matter of law to prove an agreement between the defendant and the source. Reed, 213 Va. at 594, 194 S.E.2d at 747.

848 (1990). Further, this Court has stated that "evidence of a distribution offense absent an agreement will not suffice to support a conspiracy conviction." Zuniga, 7 Va. App. at 528, 375 S.E.2d at 385.[3] While an unlawful agreement can be inferred from overt conduct,

> [w]ithout more, mere "proof of overt acts in themselves is not sufficient, for it must be established that the conspiracy or agreement which is charged to have existed and which is the gist of the offense had been formed before and was existing at the time of the commission of [any] overt act or acts."

Poole v. Commonwealth, 7 Va. App. 510, 513, 375 S.E.2d 371, 372-73 (1988) (quoting Harms v. United States, 272 F.2d 478, 482 (4th Cir. 1959)).

On the other hand, "[p]roof of an explicit agreement to distribute a controlled substance is not required." Brown v. Commonwealth, 10 Va. App. 73, 77, 390 S.E.2d 386, 388 (1990). "'A common purpose and plan may be inferred from a development and collocation of circumstances.'" Id. at 78, 390 S.E.2d at 388 (quoting United States v. Godel, 361 F.2d 21, 23 (4th Cir. 1966)).

> Where . . . it has been shown that the defendants "by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object."

Id. (quoting Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987)). Whether the conduct of the accused

> "constituted knowing participation in [a] scheme or merely inadvertence . . . [is] for the jury to decide. . . . It is not necessary that the Government show the existence of a formal agreement between [alleged conspirators]. The existence of an unlawful and inherently covert agreement can be inferred from the overt conduct of the parties."

---

[3] This Court references Heacock v. Commonwealth, 228 Va. 397, 323 S.E.2d 90 (1984), for this proposition. In Heacock, the appellant, a drug dealer, supplied free cocaine to guests at a party. While the appellant committed a distribution offense, there was no proof that the distribution was the product of an agreement between the appellant and the guests to act in concert. Id. at 407, 323 S.E.2d at 96.

Floyd, 219 Va. at 580, 249 S.E.2d at 175 (quoting United States v. Harris, 433 F.2d 333, 335 (4th Cir. 1970)).

Based on the circumstantial evidence in this case, a reasonable fact-finder could conclude that Foster and Allen agreed to meet the informant in order to sell him cocaine and that Foster's part in the conspiracy was neither innocent nor inadvertent. On two separate occasions Foster drove Allen to the same parking lot where Allen made a quick transaction with the informant, who had purchased drugs from Allen in the past. On the second occasion, Foster backed into the parking space adjacent to the informant's truck. Foster did not get out of the car on either occasion, and Allen conducted no other business at the shopping center aside from his brief business with the informant. Significantly, the informant had purchased drugs from Allen in Foster's presence prior to these dates of offense.

The trial court was allowed to draw reasonable inferences from the evidence presented that Foster knew she was driving Allen, her boyfriend and the father of her son, to make a drug transaction, that her role as the driver was to make an efficient exit from the scene of the transaction, and that she would benefit financially from the transaction. Furthermore, the fact that Foster drove Allen to a Papa John's parking lot unfamiliar to them on two isolated occasions to meet the informant who had purchased drugs in front of Foster in the past, could lead a reasonable fact-finder to conclude that Foster agreed with Allen to distribute drugs to the informant.

The trial court was entitled to disbelieve Foster's story that she thought Allen was collecting a paycheck from the informant, as the informant had not run his business in a year and a half, Allen had not worked for him in about three years, and the informant always paid Allen for his work at the end of the workday. See Staton v. Commonwealth, 36 Va. App. 282, 289, 549 S.E.2d 627, 630 (2001) ("'[T]he fact finder is entitled to disbelieve the self-serving

- 6 -

testimony of the accused and to conclude that the accused is lying to conceal his guilt.'"

(quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998))).

III.  CONCLUSION

The circumstantial evidence supports Foster's convictions.  Accordingly, we affirm the judgment of the trial court.

Affirmed.