COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

UNPUBLISHED

MALCOLM AUGUSTUS JORDAN

v.        Record No. 0863-18-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 22, 2019

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Eric P. Korslund for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On November 4, 2015, a grand jury for the Circuit Court of the City of Norfolk ("circuit

court") indicted appellant Malcolm Augustus Jordan ("Jordan") for (1) possession of a firearm

by a violent felon, in violation of Code § 18.2-308.2; (2) possession of a firearm while in

possession of a Schedule I or II controlled substance, in violation of Code § 18.2-308.4(A);

(3) possession with intent to distribute marijuana, in violation of Code § 18.2-248.1; and

(4) possession of a Schedule I or II controlled substance, in violation of Code § 18.2-250.  Jordan

was also charged by misdemeanor warrant with maintaining a common nuisance, in violation of

Code § 18.2-258.  Following a bench trial on July 11, 2016, the circuit court found Jordan guilty

of all charges.

On appeal, Jordan assigns the following two errors:

> I. The trial court erred in denying appellant's motion to vacate
> because the evidence was insufficient as a matter of law to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prove beyond a reasonable doubt that appellant was guilty of possessing any firearms or drugs.

II. The trial court erred in convicting appellant of maintaining a common nuisance because the evidence was insufficient to establish that appellant resided at 218 West Balview Avenue, or had knowledge of, and allowed, drugs to be distributed from the residence.

## I. BACKGROUND

Investigator Ron Balmaceda ("Balmaceda"), with the Norfolk Police Department, opened an investigation of Jordan in September of 2015. In early September, Balmaceda performed surveillance on 218 West Balview Avenue in Norfolk. Based on his surveillance, Balmaceda ascertained that Jordan lived at 218 West Balview Avenue because Balmaceda saw Jordan enter and exit using his own keys multiple times. Balmaceda also observed "a large amount of foot traffic coming and going to that address," in which visitors would "stay there for less than two to three minutes and leave." As a part of the investigation, Balmaceda retained a confidential informant who went and purchased "marijuana from the location."

On September 3, 2015, Balmaceda stopped Jordan outside of the residence and searched his person before letting him go. Within hours of the stop, Balmaceda executed a previously obtained search warrant for 218 West Balview Avenue. No one was present when Balmaceda executed the search warrant. Upon entering the two-bedroom residence, Balmaceda found a digital scale lying on the floor in plain view between the living room and kitchen. Then, Balmaceda searched the main bedroom and found packaging materials, sandwich bags, and a .38-caliber Smith & Wesson revolver on top of a wooden dresser, in plain view. Inside the first dresser drawer were more loose plastic sandwich bags, loose packaging materials, money, ecstasy, and marijuana. The main bedroom closet contained a shotgun. The main bedroom also contained several pieces of mail addressed to Jordan, one of which was a utility bill bearing Jordan's name and the address 218 West Balview Avenue. There was no mail with anyone

else's name found in the residence. There was a prescription bottle with a woman's name and a photograph of Jordan behind the prescription bottle. Police secured an arrest warrant for Jordan and arrested him at the 218 West Balview Avenue residence.

At trial, at the close of the Commonwealth's evidence, Jordan moved to strike all charges as legally and factually insufficient. The circuit court took the motion under advisement. On July 21, 2016, the proceedings resumed, and the circuit court overruled Jordan's motion to strike, finding Staton v. Commonwealth, 36 Va. App. 282 (2001), controlling. Jordan did not present any evidence, and the defense rested. Jordan renewed his motion to strike on the same grounds. The circuit court overruled the renewed motion to strike and found Jordan guilty on all charges. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

This Court considers the evidence "in the light most favorable to the Commonwealth, the prevailing party below." Bolden v. Commonwealth, 275 Va. 144, 148 (2008). In this light, we discard the defendant's conflicting evidence and "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Bowman v. Commonwealth, 290 Va. 492, 494 (2015). This Court will not "substitute its judgment" for that of the fact-finder. Hunley v. Commonwealth, 30 Va. App. 556, 559 (1999). The circuit court's judgment will not be reversed unless it is "plainly wrong or without evidence to support it." Bolden, 275 Va. at 148.

### B. Possession of Firearms or Drugs

"On appellate review of a criminal conviction for sufficiency of the evidence to support the conviction, the relevant question is . . . whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280

Va. 672, 676 (2010). "Where the Commonwealth's case rests entirely upon circumstantial evidence . . . the evidence not only must be consistent with guilt, but it also must exclude every reasonable hypothesis of innocence." Staton, 36 Va. App. at 287. Jordan was found guilty under four code sections, each requiring the elements of knowledge/intent and possession.[1]

In order to prove unlawful possession of a firearm or controlled substance, either actual possession or constructive possession must be shown. See Wright v. Commonwealth, 278 Va. 754, 759 (2009); see also Davis v. Commonwealth, 39 Va. App. 96, 100 (2002); see also Barlow v. Commonwealth, 26 Va. App. 421, 429 (1998). Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances," which show the defendant's awareness of "both the presence and character of the [firearm or substance] and that it was subject to his dominion and control." Byers v. Commonwealth, 37 Va. App. 174, 180 (2001) (applying this standard to an unlawful possession of a firearm conviction); see also Walton v. Commonwealth, 255 Va. 422, 426 (1998) (applying the same standard to an unlawful possession of marijuana conviction). Although proximity to illegal substances, ownership of the premises, and occupancy of the premises where illegal substances are found are insufficient by themselves to establish possession, they are factors to be considered. See Walton, 255 Va. at 426. The defendant must be aware of both the character and the presence of illegal drugs and firearms. See id. ("[T]he Commonwealth must prove beyond a reasonable doubt that the accused

---

[1] See Code § 18.2-308.2(A) ("It shall be unlawful for (i) any person who has been convicted of a felony . . . to *knowingly and intentionally possess* or transport any firearm." (emphasis added)); Code § 18.2-308.4(A) ("It shall be unlawful for any person in *possession* of a controlled substance classified in Schedule I or II of the Drug Control Act . . . to simultaneously with *knowledge and intent possess* any firearm." (emphasis added)); Code § 18.2-248.1 ("[I]t shall be unlawful for any person to . . . *possess with intent* to sell, give or distribute marijuana." (emphasis added)); Code § 18.2-250 ("It is unlawful for any person *knowingly or intentionally to possess* a controlled substance . . . . Any person who violates this section with respect to any controlled substance classified in Schedule I or II of the Drug Control Act shall be guilty of a Class 5 felony." (emphasis added)).

was aware of the presence and character of the drug and that the accused consciously possessed it."); see also Smallwood v. Commonwealth, 278 Va. 625, 631 (2009) (finding that a defendant who was aware of the character and presence of a firearm constructively possessed it).

Here, Jordan argues that there is insufficient evidence of knowledge or intent because he was not aware of the presence and character of the firearms and drugs. In disputing constructive possession, he also argues that there is no evidence that he lived in the residence where the firearms and drugs were discovered.

First, a reasonable fact-finder could find that Jordan lived at the residence where the contraband was found. The police found mail addressed to Jordan, including a utility bill with his name and the address of the residence. No mail addressed to anyone else was found. Balmaceda testified that based on his investigation, Jordan lived at the residence. Jordan was the only person Balmaceda observed enter the residence with keys. There was a picture of Jordan in the main bedroom. Finally, police arrested Jordan in the residence. Therefore, a fact-finder could conclude that Jordan resided there.

Second, the record contains sufficient evidence from which a reasonable fact-finder could find that Jordan knew of the presence and character of the firearms based on where they were found. The .38-caliber Smith & Wesson revolver was found on a dresser in the main bedroom in plain view. See Staton, 36 Va. App. at 288 (finding that Staton was aware when heroin was found in plain view in his apartment). Another firearm was found in the closet of the main bedroom, the bedroom in which a fact-finder could find that Jordan slept as the sole resident. A fact-finder could also infer that because there was one firearm in plain view, Jordan was aware of other firearms in the residence.

Third, a fact-finder could find that Jordan knew of the presence and character of the drugs based on the location in which they were found. The digital scale, plastic bags, and packaging

were found in plain view. Marijuana, cocaine, money, and more packaging were found in the first drawer of the dresser in the main bedroom. Finally, a confidential informant previously purchased marijuana from the residence. Therefore, the evidence was sufficient to show that Jordan knew of the presence and character of the drugs. Because there is sufficient evidence of constructive possession, the circuit court did not err in denying Jordan's motion to vacate for insufficient evidence.

### C. Maintaining a Common Nuisance

Rule 5A:18 bars this Court's review of Jordan's sufficiency argument for his maintaining a common nuisance conviction. In order for an error to be preserved for appeal, there must have been an objection "stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Jordan acknowledges that the issue was not raised before the circuit court. Instead, Jordan asks this Court to invoke the "ends of justice" exception.

The ends of justice exception allows this Court to review rulings of the circuit court that were not previously objected to, in order "to attain the ends of justice." Masika v. Commonwealth, 63 Va. App. 330, 333 (2014) (quoting Rule 5A:18). The exception is "narrow and is to be used sparingly." Id. (quoting Redman v. Commonwealth, 25 Va. App. 215, 220 (1997)). The appellant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 333-34 (quoting Redman, 25 Va. App. at 221). The appellant can show a miscarriage of justice by either demonstrating that the conduct for which he was convicted was not a crime or that the record affirmatively shows that "an element of the offense did not occur." Id. at 334 (quoting Redman, 25 Va. App. at 222).

Here, Jordan has not fulfilled the procedural prerequisite for the invocation of the ends of justice exception. Jordan does not argue that a miscarriage of justice occurred based on the

record or that his conduct was not a crime. Instead, on brief, Jordan argues that there is a lack of evidence and that the elements of the crime were not established. This argument is insufficient. See Redman, 25 Va. App. at 221 ("In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense."). Therefore, the issue is defaulted.

In conclusion, the circuit court did not err in finding sufficient evidence for the convictions, and the second assignment of error is defaulted. Therefore, the judgment below is affirmed.

<u>Affirmed.</u>